# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN ERIC SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV408-216 |
| | ) | |
| AL ST. LAWRENCE, *Sheriff*; | ) | |
| LT. M. BRYANT, *Unit 1 Manager*; | ) | |
| and J. JACKSON, *Unit 1* | ) | |
| *Administrative Assistant*; | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

John Eric Simmons, a pretrial detainee at the Chatham County Detention Center, has filed a 42 U.S.C. § 1983 complaint claiming that the defendants unconstitutionally interfered with his access to personal and legal mail. Docs. 1 & 6 (complaint and amended complaint). The Prison Litigation Reform Act requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous,

malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

Simmons's first claim relates to an expensive game that he had delivered to the jail. Doc. 6 at 5, 9-14. He states that J. Jackson, an administrative assistant, deprived him of the game in violation of the jail's Inmate Handbook, which only permits *jail administrators* to disapprove a package. *Id.* at 6. After initially refusing to allow Simmons to have the game, Lt. Bryant and J. Jackson eventually provided it to him but held back some of the game pieces. Simmons thus asks the Court to order the defendants to release the remaining game pieces, then order each defendant to pay him $200.00 per day for his pain and mental anguish from the deprivation.

Simmons is raising a Fourteenth Amendment procedural due process claim resting upon the jail's failure to provide him with his property in violation of its regulations. A random and unauthorized departure from established regulations, however, cannot state a claim for § 1983 relief if state law affords a meaningful post-deprivation remedy for the loss. *Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984); *see also Parratt v. Taylor*, 451 U.S. 527, 539 (1981) (holding that the *negligent* loss of hobby kit by prison mail-room staff not actionable where adequate state remedy exists), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Tinney v. Shores*, 77 F.3d 378, 382n.1 (11th Cir. 1996); *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) (applying rule to seizure of property at time of arrest). Georgia law affords just such a remedy. O.C.G.A. § 51-10-1 (providing a cause of action in tort for the wrongful deprivation of personal property). Because plaintiff is free to pursue his post-deprivation remedy in state court, his § 1983 claim is without merit.

Simmons also contends that a legal package was opened outside of his presence. Doc. 1 at 6, 9-14. He asks the Court to issue an injunction

requiring the sheriff's department to pay aggrieved detainees or inmates damages every time the jail's staff opens legal mail outside of the intended recipient's presence. *Id.* at 13.

"Privileged prisoner mail, that is mail to or from an inmate's attorney and identified as such, may not be opened for inspections for contraband except in the presence of the prisoner." *Jensen v. Keckler*, 648 F.2d 1179, 1182 (8th Cir. 1981) (emphasis added). However, an isolated or "inadvertent opening of legal mail cannot be actionable under § 1983." *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997); *accord Ping v. Raleigh*, 205 F.3d 1347, 1347 (8th Cir. 2000); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990). Simmons does not directly allege anything other than an inadvertent mistake here. He insinuates that a jail official may have purposefully opened his legal mail, doc. 6 at 11 ("It looked like someone was looking for something"), yet he fails to allege that the official recognized that the mail item constituted legal mail and opened it anyway (or, for that matter, that the package, on its surface, gave any indication of its legal contents). If the package was not marked as legal mail, then its opening was almost certainly inadvertent.

4

Since plaintiff does not directly allege anything beyond that, this claim also fails.

Because plaintiff John Eric Simmons has failed to state a claim for which § 1983 relief may be granted, the Court recommends that his complaint, as amended, be **DISMISSED**.[1]

**SO REPORTED AND RECOMMENDED** this __9th__ day of February, 2009.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court notes that defendant Al St. Lawrence was never mentioned in the body of the complaint. Presumably, he is named for supervisory liability. As the underlying claims are meritless, there is no need to determine whether such liability may attach as to St. Lawrence.